MICHAEL J. REDENBURG, ESQ. PC
Michael Redenburg, Esq. (NY #MR4662)
32 Broadway, Suite 412
New York, NY 10004
Telephone: (212) 240-9465
Facsimile: (917) 591-1667

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

KAREEM C. JOHNSON,

                              **Plaintiff,**

v.

**THE CITY OF NEW YORK, NYPD
Sergeant Burgher (Shield #2962) and
NYPD Officers JOHN DOES 1-6,
individually and in their official
capacities,**

                              **Defendants.**

## Complaint

### JURY TRIAL DEMANDED

## PRELIMINARY STATEMENT

1.  Plaintiff brings this civil rights action against the City of New York, NYPD Sergeant
    Burgher and NYPD Officers JOHN DOES 1-6, alleging that defendants violated his rights
    under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United
    States Constitution by falsely arresting him, and for Sergeant Burgher and the DOE
    defendants' failure to intervene and prevent such conduct. Plaintiff seeks compensatory
    and punitive damages, attorney's fees and costs and such other and further relief as the
    Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## DEMAND FOR A JURY TRIAL

4. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

5. Plaintiff Kareem C. Johnson ("Plaintiff" or "Mr. Johnson") is a resident of Kings County in the City and State of New York.

6. Plaintiff Kareem C. Johnson is a twenty eight (28) year old African American man.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Defendants Sergeant Burgher and NYPD Officers JOHN DOES 1-6 are members of the New York City Police Department ("NYPD") who were so employed on August 13, 2023. Defendants Seargeant Burgher and NYPD Officers JOHN DOES 1-6 were acting under color of state law and in their capacities as members of the NYPD at all relevant times.  Defendants Sgt. Burgher and NYPD Officers JOHN DOES 1-6 are sued in their individual and official capacities.

2

## STATEMENT OF FACTS

9.  The Incident which is the subject of the instant Complaint took place on August 13, 2023 at approximately 12:30 a.m inside the train station, Atlantic Avenue, Brooklyn, NY.

10. Plaintiff was waiting for the train home with a friend when he was approached by numerous officers, including Sgt. Burgher.

11. Although a friend of Plaintiff's was consuming an alcoholic beverage, Plaintiff was not.

12. Thereafter, Plaintiff was forcefully handcuffed behind his back and officers then went into Plaintiff's pocket to get his ID.

13. Plaintiff was then given a pink ticket for consuming alcohol in public, and his handcuffs were removed.

14. Sgt. Burgher and the other Defendant Doe Officers told Plaintiff he had to leave the train station, following him up the stairs and out of the station.

15. On the way up the stairs, Plaintiff attempted to record what was happening with his phone, when officers knocked the phone out of Plaintiff's hand.

16. Plaintiff was then pushed up the stairs, falling forward, and breaking his fall with his left arm extended.

17. Plaintiff got up and was then again pushed numerous times by the Defendant Doe officers.

18. Sgt. Burgher then grabbed Plaintiff by the back of his shirt and left arm, dragging Plaintiff up the stairs by his left arm and right collar.

19. Plaintiff was then taken to NYPD -Transit District 32 and Plaintiff immediately requested an ambulance before being processed, due to the injuries he had sustained at the hands of Sgt. Burgher and the Doe Officers, 1-6.

20. Once at the hospital, Plaintiff was seen for excruciating pain in his right wrist, with a resultant diagnosis of nerve compression.

21. After about four (4) hours, Plaintiff was released from the hospital and taken back to NYPD -Transit District 32 for processing.

22. Once processing was complete, Plaintiff was transported to Central Booking.

23. At arraignment, Plaintiff learned that he had been charged with Disorderly Conduct and Obstructing Governmental Administration.

24. Interestingly, despite other dubious charges levied against Plaintiff, he was not even charged with resisting arrest, which makes the injuries Plaintiff sustained at the hands of Sgt. Burgher and Defendant NYPD Officers JOHN DOES 1-6 even more troublesome and impossible to justify.

25. At arraignment, and after nearly twenty-four (24) hours of detention, all charges levied against Plaintiff were adjourned in contemplation of dismissal.

26. On August 14, 2023, Plaintiff went to BHMC Emergency Department complaining of right upper shoulder pain and was prescribed Motrin and Methocarbamol.

27. Plaintiff continues to experience bilateral wrist pain and bilateral shoulder pain due to the actions and inactions of Defendants Sgt. Burgher and NYPD JOHN DOES Officers 1-6.

28. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and physical injury requiring medical care and treatment – all to his detriment.

4

## FIRST CLAIM
### *Unlawful Search and Seizure*

29. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

30. NYPD Sgt. Burgher and Defendant NYPD Officer Does 1-6 violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

31. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

32. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and physical injury requiring medical care and treatment – all to his detriment.

## SECOND CLAIM
### *False Arrest*

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. NYPD Sgt. Burgher and Defendant NYPD Officers Does 1-6  violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause to believe that a crime had been committed or was about to be committed.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### *Failure to Intervene*

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.  NYPD Sgt. Burgher and Defendant NYPD Officers John Does 1-6 were present and observed the unlawful conduct as against Plaintiff; they had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

38. Accordingly, NYPD Sgt. Burgher and Defendant Officer Does 1-6 who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### *UNREASONABLE FORCE UNDER 42 U.S.C. §1983*

40. Plaintiff  repeats and realleges each and every allegation as if fully set forth herein.

41.  NYPD Sgt. Burgher and Defendant Officer Does 1-6 violated the Fourth and Fourteenth Amendments when NYPD Sgt. Burgher and Defendant Officer Does 1-6 physically assaulted Kareem C. Johnson by handcuffing him so tightly as to cause nerve compression in his wrists and pushing him so violently so as to cause Plaintiff to sustain bilateral shoulder injuries, requiring immediate medical attention, subsequent medical attention and the need for further medical treatment. This degree of force was unreasonable because it was not necessary under the circumstances especially in light of the fact that Plaintiff was unarmed at the time he was so assaulted by NYPD Sgt. Burgher and Defendant Officer Does 1-6.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the injuries and damages hereinbefore alleged.

## FIFTH CLAIM

## *MONELL CLAIM*

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. The City of New York is a "person" within the meaning of 42 U.S.C. §1983.

45. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

46. The City is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

47. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

48. The Incident that Plaintiff complains of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to

intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

49. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

50. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Kelly has done on many occasions.

51. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

52. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights without fear of reprisal.

53. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

54. As a result of the foregoing, Plaintiff suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation – all to his detriment.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff respectfully requests judgment against defendants as follows:

a.  Compensatory damages against all defendants, jointly and severally;

b.  Punitive damages in an amount to be determined by a jury;

c.  Reasonable attorneys' fees and costs; and

d.  Such other relief as this Court shall deem just and proper.

Dated: August 18, 2023
New York, NY

**s/Michael J. Redenburg**
Michael J. Redenburg (NY #MR4662)
Michael J. Redenburg, Esq. PC
32 Broadway, Suite 412
New York, NY 10004
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)